**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

In re:

Susan E. Wick,

Debtor.

Case No. 00-1790 DDA

Bankruptcy No. 97-45270
Adversary No. 99-4284

John R. Stoebner, Trustee,

Plaintiff-Respondent,

vs.

Susan E. Wick; Teaching Temps, Inc.; and Nichols Kaster & Anderson,

Defendants-Appellants.

**ORDER ON MOTION FOR STAY PENDING APPEAL**

Nichols Kaster & Anderson, by DONALD H. NICHOLS and NICHOLAS G.B. MAY, for Defendants-Appellants.

Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, by JOHN R. STOEBNER and DAVID A. HARBECK, for Plaintiff-Respondent.

The Court in its Order dated January 2, 2001, stayed execution of judgment in this matter for thirty days. This matter now is before the Court upon motion of Plaintiff-Respondent John Stoebner ("the Trustee") pursuant to Fed.R.App.P. 8 to extend the stay until any appeal from the judgment is resolved.

The case involves the proper disposition of cash Defendant-Appellant Susan Wick received as a result of a court-ordered stock buyout. The Trustee at present holds that cash in his trust account in the amount of $87,000 plus any accumulated interest. The bankruptcy court held that Wick's bankruptcy estate was entitled to $28,475 from that fund. Although the legal issues involved in the Trustee's potential appeal are unsettled and ultimately may be resolved in his favor, the Trustee has not maintained in this Court that the bankruptcy estate is entitled to an

FILED JAN 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

amount greater than the $28,475 that the -bankruptcy court awarded. The Trustee accordingly has a legitimate concern with respect to the estate's claim on the funds held in trust, but that claim extends only to the amount in dispute. The remainder belongs to Wick and should bc returned to her in accordance with the Court's January 2, 2001, Order.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. The Trustee's motion to extend the stay pending appeal is GRANTED to the extent specified in this Order. Execution of judgment on $28,475 of the funds the Trustee holds, along with accumulated interest on that amount, is hereby stayed until the Trustee's time to take an appeal from this Court's judgment expires or, if the Trustee files an appeal, until that appeal is resolved.

2. The Trustee's motion to extend the stay is DENIED with respect to the balance of the funds the Trustee holds. Execution of judgment on $58,525 of those funds, along with accumulated interest on that amount, is stayed only to the extent specified in the Court's January 2, 2001, Order.

Dated: January 24, 2001

DONALD D. ALSOP, Senior Judge
United States District Court